IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-67-H

| | |
|---|---|
| WELLS FARGO, N.A., as successor by merger to Wachovia Bank, National Association,<br><br>    Plaintiff,<br><br>    v.<br><br>LAWSON S. TRIPLETT, JR. as Executor of the Estate of Peggy Ann Triplett, RELIANCE TRUST COMPANY, as Trustee of the PEGGY ANN TRIPLETT REVOCABLE TRUST, and WILLIAM A. VESTAL and MICHAEL C. SMITH, as Trustees of the Peggy Ann Triplett Foundation,<br><br>    Defendants<br><br>and<br><br>WILLIAM A. VESTAL and MICHAEL C. SMITH, as Trustees of the Peggy Ann Triplett Foundation,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>LAWSON S. TRIPLETT, JR.<br><br>    Third-Party Defendant. | **ORDER** |

This matter is before the court on

(1) the motion to dismiss or for judgment on the pleadings of defendants Lawson S. Triplett, Jr. as Executor of the Estate of Peggy Ann Triplett ("Defendant Executor") and Defendant Reliance Trust Company, as Trustee of the Peggy Ann Triplett Revocable Trust ("Trustee") as to the crossclaim against them;

(2) Motion for Summary Judgment as to the same crossclaims;

(3) Motion for Summary Judgment by William A. Vestal and Michael C. Smith, as Trustees of the Peggy Ann Triplett Foundation ("Foundation Trustees") on the affirmative defense of illegality.

Appropriate responses and replies have been filed, and these matters are ripe for ruling.

## BACKGROUND

Plaintiff Wells Fargo, N.A. ("Wells Fargo" or "Plaintiff") asserts claims for fraudulent transfer pursuant to N.C. General Statute § 39-23.1, et seq., unjust enrichment or equitable lien and breach of contract by the estate and the trust. Specifically, plaintiff has alleged that a transfer of eight million dollars by Peggy A. Triplett ("Mrs. Triplett") prior to her death was fraudulent.

Mrs. Triplett died in June 2008. Prior to her death, on March 5, 2008, she made an eight million dollar contribution ("the transfer") to the Peggy Ann Triplett Foundation ("the foundation") through the Peggy Ann Revocable Trust ("the

2

trust"). Prior to the transfer on May 3, 2007, Mrs. Triplett and her husband, Lawson S. Triplett, Jr. ("Mr. Triplett") signed a promissory note in an amount of two million dollars in favor of Wachovia Bank, N.A., ("Wachovia") plaintiff's predecessor. This obligation has been modified on several occasions and an additional two million dollars was loaned by plaintiff. In August 2009, The Estate, The Trust and others executed an Amended Note for the outstanding balanced owed Wachovia of $2,987,585.90.

## **Motion to Dismiss the Crossclaims**

### I.  Standard of Review

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint (here, the crossclaim) in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the

3

allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).

"[A] complaint need not 'make a case' against a defendant or 'forecast evidence sufficient to prove an element' of the claim." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Rule 8 of the Federal Rules of Civil Procedure provides "for simplicity in pleading that intends to give little more than notice to the defendant of the plaintiff's claims and that defers until after discovery any challenge to those claims insofar as they rely on facts." Teachers' Retirement Sys. of LA v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007). A complaint is generally sufficient if its "'allegations are detailed and informative enough to enable the defendant to respond.'" Id. (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1215 at 193 (3d ed. 2004)). Thus, a complaint satisfies the Rules if it gives "fair notice" of the claim and "the grounds upon which it rests." Twombly, 127 S. Ct. at 1964.

**II. Analysis**

The Defendant Executor and the Trustee request this court dismiss the crossclaim of the Foundation Trustees pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or in the

alternative enter judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

The crossclaim alleges the following:

> Pursuant to Rule 13 of Federal Rules of Civil Procedure, for a Crossclaim against [the Estate] and [the Trust], the Foundation allege[s] and say[s] as follows:
>
> 1. That in the event that the [Foundation is] liable to Plaintiff on Plaintiff's First or Second Claims for Relief, which is expressly denied, the [Foundation is] entitled to indemnity from [the Estate] and [the Trust] for any and all damages recovered by Plaintiff from [the Foundation].
>
> 2. Alternatively, any damages for which the [Foundation] might be liable to Plaintiff, which are expressly denied, are the direct result of the actions of [Defendant Executor] and [the Trustee] and any assets still in the possession of [the Estate] and [the Trust] should first be applied and credited against any judgment obtained by Plaintiff.

(Answer at 18 [DE #17].)

The court finds that the Foundation Trustee's crossclaim fails as a matter of law for several reasons. First, the North Carolina Fraudulent Transfer Act does not provide for such claims, but rather specifically details the rights of a transferee of a fraudulent transfer. See N.C. Gen. Stat. § 39-23.8. The Act does not provide for an indemnity or contribution claim by the transferee. Furthermore, the foundation received a gift. The court finds that the indemnity and contribution claims are not applicable to the mere receipt of a gift as there is no

5

contract, either express or implied involved and the parties are not joint tortfeasors. See <u>Kaleel Builders, Inc. v. Ashby</u>, 587 S.E.2d 470 (N.C. Ct. App. 2003). The Foundation also argues that it has alleged a claim of equitable subrogation in paragraph two of its crossclaim. However, the court does not read the crossclaim to so allege, and finds, amendment would be futile because equitable subrogation does not apply in this case as equitable subrogation applies when one party pays the debt of another. Here, the foundation may be required to return the gift it received, but not to pay the obligation of another. See <u>N.C. Ins. Guar. Ass'n v. Century Indem. Co.</u>, 444 S.E. 2d 464, 472 (N.C. Ct. App. 1994).

The court, therefore, grants the motion and dismisses the foundation's crossclaims. However, the court notes it does not foreclose application of N.C. Gen. Stat. 39-23.7(a)(1) which allows for, "Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claims." There has been no briefing by the parties on whether, under this provision, the assets of the estate and/or the trust, if there are any, must first be applied to the alleged debt and the transfer avoided only as to the remaining balance. Furthermore, the court, of course, still retains its general powers of equity.

6

In light of the dismissal of the crossclaims, the motion for summary judgment on the crossclaims is deemed MOOT.

**Motion for Summary Judgment on Illegality**

Also before the court is the foundation trustee's motion for summary judgment. Appropriate response and replies have been filed. Additionally, the foundation trustees also filed a notice of subsequently decided authority.

I.  **Standard of Review**

Summary judgment is appropriate pursuant to Rule 56 of the Federal Rules of Civil Procedure when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

7

Summary judgment is not a vehicle for the court to resolve disputed factual issues. Faircloth v. United States, 837 F. Supp. 123, 125 (E.D.N.C. 1993). Instead, a trial court reviewing a claim at the summary judgment stage should determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249.

In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. The evidence must also be such that a reasonable jury could return a verdict for the non-moving party. Id. at 248. Accordingly, the court must examine "both the materiality and the genuineness of the alleged fact issues" in ruling on this motion. Faircloth, 837 F. Supp. at 125.

**II. Analysis**

The Foundation Trustees contend that the plaintiff violated the Equal Credit Opportunity Act ("ECOA") and Regulation B by requiring Mrs. Triplett to sign documents evidencing the May 2007 Loan, July 2007 Loan, and Consolidated Loan. They argue that these violations void Mrs. Triplett's liability under all

8

three loans, based on a state law defense of illegality. The Act, codified at 15 U.S.C. § 1691 et seq. provides in pertinent part:

> (a) It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction –(1) on the basis of race, color, religion, national origin, sex or marital status. . .

15 U.S.C. § 1691(a)(1).

In its motion for summary judgment, the foundation trustees argue the ECOA and its implementing regulations ("Regulation B") limit the ability of a lending bank to require the signature of a spouse on loan documents. Under Regulation B, a bank cannot require the signature of a non-applicant spouse if the spouse applying for the loan is qualified for the loan under the bank's standards of creditworthiness. The Foundation Trustees argue that Mrs. Triplett was not a joint applicant on the loan and that because Mr. Triplett was individually "creditworthy," the bank violated ECOA by requiring Mrs. Triplett's signature. They therefore argue the contract is void under the state law defense of illegality.

The plaintiff responds, arguing that the ECOA may not be raised as an affirmative defense to avoid a debt. Plaintiff notes there is no express language in the ECOA providing for an affirmative defense or stating that a violation of ECOA renders

9

an instrument void.  Citing several cases, plaintiff also argues that the majority of courts that have considered the language of ECOA and Regulation B have refused to recognize the validity of an ECOA violation asserted as an affirmative defense to the underlying debt and have declined to allow defendants to avoid their obligations.  While the Fourth Circuit Court of Appeals has not ruled directly on this issue, the Foundation Trustees cite to a recently decided opinion by the North Carolina Court of Appeals which reaches the issue.  <u>RL REGI North Carolina, LLC v. Lighthouse Cove, LLC</u>, _____ S.E.2d ____, No. 12-1279, 2013 WL 4441665 (N.C. Ct. App. Aug. 20, 2013).  The North Carolina Court of Appeals notes that "the question of whether procurement of a spousal guaranty in violation of the ECOA as an affirmative defense in a suit to enforce the provisions of a guaranty is a question of first impression."  <u>Id.</u>, slip op. at 13.  After detailing the three ways other state and federal courts have addressed the issue, the Court of Appeals ultimately holds that a spouse may "assert an ECOA violation as an affirmative defense in an action brought by a lender" under the state law defense of illegality.  <u>Id.</u>, slip op. at 13-14.  Following a thorough discussion of the state law of illegality and its intersection with the ECOA the court stated:

> We believe that, in enacting the ECOA, Congress did not intend for the *sole* remedy available against a

10

> creditor for an ECOA violation to be actual and
> punitive damages under 12 C.F.R. § 202.16(b). Rather,
> Congress expressly provided in the ECOA that, in
> addition to actual and punitive damages, "the
> appropriate United States district court or any other
> court of competent jurisdiction may grant such
> equitable and declaratory relief as is necessary to
> enforce the requirements imposed under this title [.]
> . . ."

Id., slip op. at 18 (quoting 15 U.S.C. § 1691(c)) (emphasis in original). This court will follow the ruling of the North Carolina Court of Appeals and finds that a violation of the ECOA may support an affirmative defense of illegality. However, whether Mrs. Triplett was a joint applicant and whether Mr. Triplett was individually creditworthy at the time the loan was made are genuine issues of material fact which preclude summary judgment on the defense of illegality.

Plaintiff also argues that Mrs. Triplett waived any ECOA defense based on language in the loan documents. This argument is also without merit. Under North Carolina law, "a defense which allows a party to avoid the obligations of a contract because it was entered into in violation of law cannot be waived by stipulation. Id., slip op. at 19 (citing Martin v. Underhill, 144 S.E. 2d 872, 875 (1965).

Finally, the Foundation Trustees move for dismissal of plaintiff's claim for unjust enrichment based on the statute of limitations. Because the unjust enrichment claim is an

11

action based on an implied contract, it is subject to a three year statute of limitations under N.C. Gen. Stat. § 1-52. Dean v. Mattox, 108 S.E.2d 541, 546 (1959); see also Joyce v. Joyce, 605 S.E. 2d 267 (N.C. Ct. App. 2004). The burden is on plaintiff to show either that N.C. Gen. Stat. § 1-52 does not apply or that there is some material issue of fact concerning the application of the three year statute of limitations. Plaintiff has failed to meet this burden. Plaintiff has not shown that N.C. Gen. Stat. § 1-52 does not apply or that the statute of limitations began to run on a day different than that argued by the Foundation Trustees. Therefore, to the extent plaintiff's second claim is one for unjust enrichment based on the alleged fraudulent conveyance and/or breach of contract claims, it is dismissed. However, the court, of course, retains its powers in equity to form and fashion an appropriate remedy in this case.

## CONCLUSION

For the foregoing reasons, the motion to dismiss the Foundation's crossclaims is granted, and the motion for summary judgment as to the crossclaims is deemed moot. The Foundation Trustee's motion for summary judgment is GRANTED in part and DENIED in part.

Furthermore, pursuant to Local Civil Rule 101.2, EDNC, and Rules 16 and 53 of the Federal Rules of Civil Procedure, the court ORDERS a court-hosted settlement conference.

United States Magistrate Judge Robert B. Jones, Jr. is hereby appointed as settlement master. Magistrate Judge Jones is directed to meet with the parties and supervise negotiations, with an aim toward reaching an amicable resolution of the issues. Magistrate Judge Jones is given full authority to establish such rules as he may desire, which shall be binding upon the parties and their counsel during the course of the conference. The conference will be conducted at a time and place selected by Magistrate Judge Jones upon notice to the parties.

This matter remains on the calendar for this court's December 16, 2013 term.

This <u>17th</u> day of September 2013.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26